**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LEONARD FILIPOWSKI,<br><br>     Plaintiff,<br><br>v.<br><br>BRIAN STACK, individually and in his official capacity as Mayor of Union City and as State Senator; PAUL SARLO, individually and in his official capacity as State Senator; JAMES MCGREEVY; CITY OF UNION CITY; CITY OF JERSEY CITY; NEW JERSEY STATE POLICE; JOHN DOES 1-99, individually and in their official capacities as Police Officers and/or other government officials,<br><br>     Defendants. | Civil Action No: 25-1666 (SDW) (SDA)<br><br>**OPINION**<br><br>September 25, 2025 |

**WIGENTON**, District Judge.

  Before this Court are three pending motions (D.E. 23; 25; 31) filed by Defendants Brian Stack, Paul Sarlo, the City of Union City, the City of Jersey City, and the New Jersey State Police to dismiss Plaintiff Leonard Filipowski's ("Plaintiff") Complaint (D.E. 1 (Compl.) pursuant to Federal Rule of Civil Procedure 12(b)(6) and the *Colorado River* abstention doctrine. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the motions to dismiss are **GRANTED**.

1

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff Leonard Filipowski is a self-described independent journalist who operates under the moniker "Leroy Truth." (Compl. ¶ 8.) He alleges that, beginning in late 2023, he investigated corruption by New Jersey public officials, particularly Defendant Brian Stack, who serves as both Mayor of Union City and a State Senator. (*Id.* ¶¶ 9; 17.) Plaintiff contends that Defendants engaged in a coordinated campaign to suppress his speech and religious exercise through intimidation, removal from public forums, and the filing of criminal complaints. (*See generally id.*) Three principal incidents anchor the Complaint:

- *Union City Board of Commissioners Meeting (July 16, 2024)*

Plaintiff attended a municipal board meeting presided over by Mayor Stack. (*Id.* ¶ 24.) During the public comment portion, Plaintiff refused to remain at the podium, despite repeated directives from police officers. (*Id.* ¶¶ 26–28.) He was arrested and charged with disorderly conduct. (*Id.* ¶¶ 29–36.)

- *New Jersey State Senate Judiciary Committee Hearing (February 20, 2025)*

On or about February 20, 2025, Plaintiff attempted to speak critically about a pending bill and Senator Stack during the public comment portion of a New Jersey State Senate Judiciary Committee hearing. (*Id.* ¶¶ 38–40.) Senator Sarlo admonished him to remain professional and on topic. (*Id.* ¶ 41.) Senator Stack cut off Plaintiff's microphone, ruled him out of order, and directed New Jersey State Troopers to remove him. (*Id.* ¶¶ 42–45.)

---

[1] The following facts are drawn from Plaintiff's Complaint and accepted as true solely for purposes of these motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

- *Monumental Baptist Church (March 2024)*

Plaintiff attended a church service in Jersey City where former Governor James McGreevey was present. (*Id.* ¶¶ 48–49.) At the pastor's request, and with alleged involvement from McGreevey, Jersey City police officers escorted Plaintiff out of the service. (*Id.* ¶ 52.)

Beyond these events, Plaintiff asserts that Defendant Stack and his associates filed multiple municipal criminal complaints against him in retaliation for his reporting, many of which were dismissed. (*Id.* ¶ 22.) He alleges that these incidents, taken together, amount to violations of his rights under the First and Fourteenth Amendments, actionable under 42 U.S.C. § 1983, as well as under state law. (*Id.* ¶¶ 63–110.)

Plaintiff filed this action on March 5, 2025, naming as defendants: Mayor/Senator Brian Stack (in his individual and official capacities), Senator Paul Sarlo, James McGreevey, the City of Union City, the City of Jersey City, the New Jersey State Police, and John Does 1–99. The Complaint pleads counts for First Amendment free speech, free exercise, retaliation, conspiracy, and *Monell* liability, as well as state-law tort claims. Three sets of motions to dismiss followed: (1) the New Jersey Attorney General, on behalf of the NJSP and Senators Stack and Sarlo, filed a motion asserting Eleventh Amendment immunity, legislative immunity, and failure to state a claim; (2) Jersey City moved to dismiss on grounds including lack of state action and failure to plead Monell liability; and (3) Union City and Mayor Stack (in his municipal capacity) moved to dismiss based on abstention, qualified immunity, and failure to state a claim. Plaintiff filed no opposition. Although under Local Civil Rule 7.1 the Court may treat motions as unopposed, the Third Circuit requires courts to analyze Rule 12(b)(6) motions on the merits rather than grant them solely as sanctions for non-response. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (district court must examine whether complaint states a claim even if unopposed); *see also*

3

*Elozua v. State of New Jersey*, Civ. No. 4-2029, 2006 WL 2403934, at *3 (D.N.J. Aug. 18, 2006) ("The Court . . . must address an unopposed motion to dismiss a complaint on the merits.") Accordingly, this Court proceeds to review the sufficiency of the Complaint under the governing standards.

## II.     LEGAL STANDARD

Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a showing, rather than a blanket assertion, of an entitlement to relief" (internal quotation marks and citation omitted)).

In considering a motion to dismiss pursuant to Rule 12(b)(6), a district court must conduct a three-step analysis. First, it must "tak[e] note of the elements a plaintiff must plead to state a claim." *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (alteration in original) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). Second, the court "disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Id.* (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). Third, the court assumes the veracity of all well-pleaded factual allegations, "constru[es] them in the light most favorable to the plaintiff, and draw[s] all reasonable inferences in the plaintiff's favor." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022). "If, after completing this process, the complaint alleges 'enough fact[s] to raise a reasonable

4

expectation that discovery will reveal evidence of' the necessary elements of a claim, then it plausibly pleads a claim." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 556). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

#### A. New Jersey State Police

The Eleventh Amendment bars suits in federal court against a state and its arms absent consent or valid abrogation. The NJSP is an arm of the State. Plaintiff's § 1983 claims against the NJSP are therefore barred. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–71 (1989) (neither a State nor its agencies are "persons" under § 1983). Moreover, *Ex parte Young* permits prospective injunctive relief only against state officials, not the state agency itself. 209 U.S. 123 (1908). Because amendment cannot cure these defects, all claims against the NJSP are dismissed with prejudice.

#### B. Senators Stack and Sarlo: Absolute Legislative Immunity (Hearing Conduct)

Plaintiff challenges acts taken during a State Senate committee hearing: recognizing and regulating a speaker, enforcing relevancy/decorum, cutting a microphone, and directing sergeants-at-arms (here, State Troopers assigned to the hearing) to restore order. State legislators are entitled to absolute legislative immunity for "legitimate legislative activity." *Tenney v. Brandhove*, 341 U.S. 367, 372–79 (1951); *Bogan v. Scott-Harris*, 523 U.S. 44, 54–55 (1998). Managing a legislative hearing, including controlling who may speak, for how long, and in what manner, is

paradigmatically legislative in nature. *See also Youngblood v. DeWeese*, 352 F.3d 836, 840–42 (3d Cir. 2003) (state legislator immune for acts within the sphere of legislative activity). Plaintiff's contrary characterization that the conduct was retaliatory or viewpoint-based does not pierce absolute legislative immunity. *Bogan*, 523 U.S. at 54 ("Whether an act is legislative turns on the nature of the act itself, rather than on the motive or intent of the official performing it."); *Tenney*, 341 U.S. at 377 (Absolute immunity "would be of little value if [legislators] could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives.")

Accordingly, claims against Senators Stack and Sarlo based on the February 20, 2025 hearing are dismissed with prejudice. To the extent Plaintiff sues those defendants in their official legislative capacities for damages, such claims are also barred by the Eleventh Amendment and *Will*.

### C. First Amendment — Union City Meeting

Government may impose reasonable, content-neutral time, place, and manner restrictions in a limited public forum, including rules of decorum at public meetings. *See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 281–82 (3d Cir. 2004) (upholding removal of speaker who refused to follow meeting rules); *Startzell v. City of Phila.*, 533 F.3d 183, 197–200 (3d Cir. 2008). Requiring speakers to use a podium is a classic, content-neutral "manner" rule that advances order and audibility. Plaintiff pleads no facts showing the rule was applied to him because of his viewpoint.

Plaintiff's retaliatory-arrest theory independently fails. Under *Nieves v. Bartlett*, the existence of probable cause generally defeats a First Amendment retaliatory-arrest claim. 587 U.S. 391, 400–02 (2019). Plaintiff's own allegations reflect repeated, lawful directives to comply with decorum (speak from the podium) and his refusal to do so. Those facts establish at least arguable

probable cause for a disorderly-conduct or failure-to-obey offense during a public meeting, foreclosing retaliatory-arrest liability under *Nieves*.

Because the alleged conduct does not plausibly state a constitutional violation, Plaintiff's free-speech and retaliation claims against Union City and Mayor Stack (in his municipal role) arising from the July 16, 2024 meeting are dismissed. As explained below, these claims fail for additional reasons.

### D. First Amendment — Jersey City / Church Removal (State Action; Free Exercise)

Plaintiff alleges he was removed from a church service at the pastor's request, with assistance from Jersey City police, and with "involvement" by Former Governor James McGreevey. Private property owners may exclude individuals, and use of police assistance to enforce private property rights does not itself transform private action into state action. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808–15 (2019); *Lloyd Corp. v. Tanner*, 407 U.S. 551, 567–70 (1972) (no First Amendment right to access private property). Plaintiff pleads no non-conclusory facts showing that McGreevey, a private individual, was a state actor or that the City jointly engaged in viewpoint discrimination rather than routine trespass enforcement at the owner's request.

The free-exercise claim fares no better. Plaintiff identifies no government law or policy that burdened religious practice. Rather, he alleges a private church exercised its right to exclude him. The First Amendment constrains government, not private churches deciding who may attend services. *See Hudgens v. NLRB*, 424 U.S. 507, 521 (1976). The church episode therefore does not state a free-exercise claim against Jersey City, McGreevey, or the John Doe Defendants under § 1983.

Accordingly, the church-based free-speech and free-exercise claims are dismissed, as are the § 1983 claims against McGreevey and the John Doe Defendants.[2]

### E. Qualified Immunity (Individual-Capacity Claims)

Even if Plaintiff had alleged underlying constitutional violations, which he has not, the individual defendants would be entitled to qualified immunity. The doctrine shields officials unless existing precedent placed the statutory or constitutional question beyond debate. *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). No clearly established law confers a right to disregard a podium/decorum rule at a public meeting or to continue speaking after being ruled out of order in a legislative hearing. *See, e.g., Eichenlaub*, 385 F.3d at 281–85 (removal at meeting); *cf. Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 385–86 (4th Cir. 2008). Nor does *Nieves* permit retaliatory-arrest claims where probable cause existed, or at least was arguable. The individual-capacity claims are therefore independently dismissed with prejudice on qualified-immunity grounds.

### F. *Monell* (Union City, Jersey City)

A municipality is not vicariously liable under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Liability attaches only if a constitutional injury was caused by an official policy, an entrenched custom, or a failure to train amounting to deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 388–92 (1989). Plaintiff's *Monell* allegations consist of generalized conclusions (e.g., "content-based restrictions," "policy of allowing public officials . . . to direct law enforcement actions against critics," "failure to train") untethered to well-pleaded

---

[2] Although Defendant McGreevey has not appeared or moved to dismiss and the John Doe Defendants have not been identified, the Court may dismiss *sua sponte* under Rule 12(b)(6) where the deficiencies are apparent on the face of the complaint. *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980). Plaintiff alleges McGreevey acted in concert with police officers to remove him from church services, but pleads no non-conclusory facts establishing that McGreevey acted under color of state law. Accordingly, the claims against McGreevey are dismissed.

facts showing a pattern, a policymaker's decision, or deliberate indifference. Because Plaintiff has not plausibly alleged an underlying constitutional violation by municipal actors, the *Monell* claims fail for that reason as well.

### G. Conspiracy (42 U.S.C. § 1983)

A § 1983 conspiracy requires factual allegations of an agreement among state actors to violate constitutional rights and an actual deprivation. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178–79 (3d Cir. 2010). Plaintiff pleads conclusions about "coordination" but alleges no concrete facts (who, what, when, where) showing a meeting of the minds. Because the underlying constitutional claims fail, the conspiracy claim fails as well. *Id.* The § 1983 conspiracy claim is therefore dismissed.

### H. State-Law Claims (False Arrest/Imprisonment; Malicious Prosecution)

To plead false arrest or imprisonment under New Jersey law, a plaintiff must plausibly allege detention without probable cause. *See Mesgleski v. Oraboni*, 748 A.2d 1130, 1138 (N.J. Super. Ct. App. Div. 2000). For malicious prosecution, a plaintiff must plausibly allege initiation of criminal proceedings without probable cause and with malice, and a favorable termination. *See Lind v. Schmid*, 337 A.2d 365, 368 (N.J. 1975). As explained above, the pleaded facts establish at least arguable probable cause for the meeting-related arrest, which defeats both state and federal claims. The Complaint also fails to attribute the initiation of particular prosecutions to particular defendants with non-conclusory facts or to allege malice. Finally, claims against public entities and employees are subject to the New Jersey Tort Claims Act, including notice requirements and discretionary-act immunities, which Plaintiff has not pleaded around. *See* N.J.S.A. § 59:8-8; § 59:3-2. The state-law claims are therefore dismissed.

9

### I. Non-Suable Departments; Redundant Official-Capacity Claims

The "Union City Police Department" and "Jersey City Police Department" are administrative arms of their municipalities and not separate suable entities under § 1983. To the extent the Complaint purports to bring claims against those administrative arms that are separate from the claims against the Cities, those claims are dismissed with prejudice as duplicative of claims against the Cities. Likewise, claims against Mayor Stack in his mayoral capacity are duplicative of claims against Union City and are dismissed. See *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

### J. Abstention (Alternative Ground—Union City Defendants)

The Union City Defendants also invoke *Colorado River* abstention in light of a parallel state-court action. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Because the Court dismisses on the merits, it need not reach abstention. If it did, the parallel proceedings and risk of piecemeal litigation would provide an alternative basis to decline jurisdiction as to those defendants.

### K. Leave to Amend

Plaintiff has not opposed the motions or requested leave to amend. Leave should be freely given when justice so requires, but need not be granted where amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The following dismissals are with prejudice because amendment cannot cure the legal bars: (i) all claims against the NJSP; (ii) claims against Senators Stack and Sarlo arising from the legislative hearing; and (iii) any claims against the Union City and Jersey City Police Departments (to the extent they are even pled). All remaining claims are dismissed without prejudice for failure to state a claim.

If Plaintiff believes he can cure the deficiencies consistent with Rule 11, he may move for leave to amend within 30 days of this Opinion and accompanying Order, attaching a proposed amended complaint that specifically pleads facts (not conclusions) addressing the defects identified herein.  After 30 days, the case will be dismissed with prejudice.

### IV.     CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are each **GRANTED**.  An appropriate order follows.

/s/ *Susan D. Wigenton*  
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk  
cc:     Stacey D. Adams, U.S.M.J.  
        Parties